**IN THE SUPERIOR COURT OF GUAM:**

| | |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>ANA MENDIOLA TOVES AND JUAN CRUZ TOVES,<br><br>Deceased. | Case No. PR0063-20<br><br>**DECISION AND ORDER**<br>**(Competing Petitions)** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on January 18, 2024, for a Status Hearing on the Estate of Ana Mendiola Toves and Juan Cruz Toves, regarding Anthony M. Toves's ("First Petitioner's") Petition to Admit Will and For Letters of Administration with Will Annexed. Albert Toves ("Second Petitioner") filed an Objection and his own Petition to Admit Will and For Letters of administration. Based on the relevant law and authorities the Court now issues the following decision and order **DISMISSING** Anthony Toves's Petition to Admit Will and For Letters of Administration with Will Annexed and **GRANTING** Albert Toves' Petition for Letters Testamentary with Will Annexed.

## BACKGROUND

On May 18, 2020, Mark M. Toves and Anthony M. Toves ("First Petitioners") filed a Petition for Letters Testamentary with Will Annexed, requesting that they be appointed Executors of the Estates of Ana Mendiola Toves and Juan Cruz Toves, their parents. Pet. for Prob. of Will & Letters Test, (May 18, 2020). The Decedent died testate, however, and their Last Will and Testament appointed different people: "Johnnie M. Toves or Albert M. Toves" as "Co-

Executors" of the will instead. Pet. for Prob. of Will & Letters Test, ¶ 8 (December 9, 2020). As a result, on December 9, 2020, Albert Toves ("Second Petition") filed an Objection to Mark and Anthony's Petion. Obj. (December 9, 2020). Albert then filed his own Petition for Letters Testamentary with Will Annexed, requesting that he be appointed Executor of the Estates of Ana Mendiola Toves and Juan Cruz Toves, his parents. *Id.* Pet. for Prob. of Will & Letters Test, (December 9, 2020).

On March 2, 2021, Mark Toves and Anthony Toves filed another Petition to be appointed the administrators of the Estate of Ana Mendiola Toves and Juan Cruz Toves with "all of the living siblings of Mark, Anthony, and Albert [filing] consents to Mark and Anthony's appointment." Mem. re: Appt. of Co-Executor & Obj. to Appt. of Albert Toves ¶ 1 (March 2, 2021). On July 19, 2022, Albert Toves filed a Suggestion of Death on the Record regarding Petitioner Mark Mendiola Toves, who allegedly died on June 20, 2022. Suggestion of Death on the Record (July 19, 2022). On November 3, 2023, Anthony Toves filed another Petition to be appointed the sole administrator of the Estate. Pet. to Admit Will & for Letters of Admin. with Will Annexed (November 2, 2023). Albert Toves filed and Objection on November 17, 2023. Obj. to Nov. 3, 2023. Pet. to Admit Will & for Letters of Admin. with Will Annexed (November 17, 2023). Anthony filed a response on November 22, 2023. Resp. to Obj. to Appoint Anthony Toves as Executor of the Estate (November 22, 2023).

## DISCUSSION

Under the Guam Probate Code, any natural person named in a Decedent's will may be appointed to serve as executor as long as they are: of age, a resident of Guam, physically present in Guam, [has] not been convicted of a felony, and [is] not adjudged to be incompetent to serve due to drunkenness, improvidence, or want of understanding or integrity. See 15 GCA § 1701(a),

(c). The interpretation of wills, wherever made, is governed, when relating to property within the territory of Guam, by the laws of the territory of Guam, unless an intention to the contrary clearly appears, provided, and the provisions are in all cases to be interpreted in light of a testator's express intention. See 15 GCA § 601.

The competing Petitioners require this Court to address three issues: (1) whether Albert Toves renounced his rights to Executor by sitting on the Will for ten months, (2) whether the Court should refuse to appoint Albert Toves, because Albert is residing in one of the estates rent free, and (3) whether testator of the Will intended for there to be Co-Executors.

**A. Did Albert Toves renounce his rights to Executor by sitting on the Will for ten months?**

According to the Guam statute governing the renouncement of named an executor's right to letters by failure to petition:

> If the person named in a will as executor, for thirty (30) calendar days after he has knowledge of the death of the testator and that he is named as executor, fails to petition the Superior Court of Guam for the probate of the testator's will and that letters testamentary be granted to him, he may be held to have renounced his right to letters, and the Superior Court of Guam may grant letters of administration with the will annexed to another competent person, unless good cause for the delay is shown.

See 15 GCA § 1505.

First Petitioner argues that Albert Toves "renounced his rights to be Executor by sitting on the Will for 10 months after a copy was given to him personally, after he moved into the Tamuning house for which he does not pay rent." Resp. to Obj. to Appoint Anthony Toves as Executor of the Estate, (November 22, 2023). In their Objection, First Petitioner argues that Albert Toves did not have any knowledge of the will until "sometime after October 16, 2020, and never had actual possession of the will." Obj. to Nov. 3, 2023, Pet. to Admit Will & for Letters of Admin. with Will Annexed, (November 17, 2023). Albert Toves then went on to file

his Petition on December 9, 2020, "less than 60 days" after being given a copy of a Will that did not explain that he was Executor. *Id.* In their Response, Petition argues that the "declaration of Mark Toves filed in this court on March 3, 2021, directly contradicts this." Resp. to Obj. to Appoint Anthony Toves as Executor of the Estate, ¶ 2 (November 22, 2023). In his Declaration, "Mark stated that the Will was provided to Albert in person in February 2020 at the Tamuning Mayor's Office and Albert did nothing with it for 10 months until after Mark and Anthony filed their petition to be appointed to probate the Will." *Id.*

The declaration of Mark Toves is a serious document, but it is not persuasive evidence alone and it does not demonstrate that Albert Toves had a copy of the Will in February 2020. Conversely, the email correspondence regarding the copy of the Will on October 16, 2020, is more a precise and persuasive record. Further, the First Petitioner does not contest that the October 16, 2020, copy of the Will did not mention that Albert was Executor. Therefore, the First Petitioner has not demonstrated that Albert Toves renounced his rights to Executor by sitting on the Will for ten months.

**B. Should the Court refuse to appoint Albert Toves for residing in one of the estates rent free?**

Whenever the Superior Court of Guam has reason to believe, whether from its own knowledge or from credible information received, that the personal representative or all co-personal representatives have wasted, embezzled or mismanaged the property of the estate committed to their charge, or are about to waste or embezzle the property of the estate committed to their charge, or have wrongfully neglected the estate," the Superior Court shall direct the Clerk of the Superior Court to set the time and place of a hearing thereon, which hearing shall be held not more than thirty (30) days thereafter, and the Superior Court of Guam shall cite such personal

representative, or all such co-personal representatives, then and there to appear and show cause why their letters should not be revoked." See 15 GCA § 2115.

First Petitioner claims that Albert moved into a home that is part of the estate but does not pay rent. Resp. to Obj. to Appoint Anthony Toves as Executor of the Estate, (November 22, 2023). The declaration of Mark Toves states that Albert Toves "has conflicts that mitigate against his being appointed by sole executor. He moved into and has been living in the Tamuning house owned by the Estate. As far as I know, he has not been paying rent. He is living rent fee in Estate real property to the detriment of the remaining heirs." Decl. of Mark Toves re: Appt. of Co-Executor & Obj. to Appt. of Albert Toves, ¶ 2 (March 3, 2021). Again, the declaration of Mark Toves is not sufficient evidence for a showing that Albert Toves is living rent free and Mark even states that "as far as he knows" Albert is not paying rent. Further, First Petitioner does not cite any law in their Response. Without a more substantial showing of evidence and legal authority, this Court cannot refuse to appoint Albert Toves over his residing in a residence rent free.

**C. Does the Will Necessitate Multiple Co-Executors?**

The words of a will are to be taken in their ordinary and grammatical sense, "unless a clear intention to use them in another sense can be collected and other use can be ascertained. Technical words are not necessary to give effect to any species of disposition by a will, but technical words in a will are to be taken in their technical sense, unless the context clearly indicates a contrary intention, or unless it satisfactorily appears that the will was drawn solely by the testator, and that he was unacquainted with such technical sense." See 15 GCA § 613.

First Petitioner argues that it was "claimed that Albert was the only person named as Executor in the Will. However, ¶IX of the Will states: 'We appoint, JOHNNI M. TOVES or ALBERT M.

TOVES, as Co-Executors of this Will...'" Resp. to Obj. to Appoint Anthony Toves as Executor of the Estate, (November 22, 2023). First Petitioner asserts that it is clear from the above segment of the Will that "the deceased wanted Co-Executors of this Will." *Id.*

In their Objection, Albert Toves argues that "the plain reading of the will provides for Albert Toves to be the executor of the Estate. There were two possible executors mentioned in the Will and the will uses the term 'or.' There is no reason to find that the testators meant for there to be any other executors then the ones mentioned in the Will." Obj. to Nov. 3, 2023, Pet. to Admit Will & for Letters of Admin. with Will Annexed, ¶ 2 (November 17, 2023). First Petitioner's respond that "the word 'or' is between the names of the two proposed executors only one of the two should be appointed. This ignores the fact that the deceased used the words 'Co-Executors' after the names. The use of the words 'Co-Executors' makes clear that there should be two executors, not one. The ordinary and grammatical sense of the words 'Co-Executors,' plural, as opposed to Co-Executor, singular, makes the intent much clearer than the use of the word 'or'." Resp. to Obj. to Appoint Anthony Toves as Executor of the Estate, ¶ 1 - 2 (November 22, 2023).

To settle this dispute, the Court must look to the intent of the testator as provisions of a Will "are in all cases to be interpreted in light of a testator's express intention." See 15 GCA § 601. In this case, there were only two natural persons named in the Will: "Johnnie M. Toves or Albert M. Toves." The disjunctive use of the word "or" plainly allows for either "Johnnie M. Toves or Albert M. Toves" to be Executor, and the document does not mention any other Executors. Nor is there a provision that mandates that there be two Co-Executors at all times. Therefore, the Will does not necessitate multiple Co-Executors. Finally, Albert Toves points out in his Objection that "the November 3, 2023, Petition does not provide why the intent of the

testator should not be followed and appoint Albert Toves the sole Administer." This Court cannot disagree. It is clear that the express intent of the Will did not include Anthony Toves as Executor.

## CONCLUSION AND ORDER

For the above reasons, the Court **DISMISSES** Anthony Toves's Petition to Admit Will and For Letters of Administration with Will Annexed, and **GRANTS** Albert Toves' Petition for Letters Testamentary with Will Annexed.

SO ORDERED, this ___19th___ day of ___April___ 2024.

_____
**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

W. Pole, B. Concepcion

APR 19 2024 Date: ___ Time: 3:05 pm.

Edna Nego
Deputy Clerk, Superior Court of Guam